FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUN -5  PM 3: 54

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff

v.

E.I. DU PONT DE NEMOURS & CO.
Defendant

CIVIL ACTION NO.
**03-1605**

**SECT. R MAG. 4**

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United

States Equal Employment Opportunity Commission, and files its Complaint and Jury

Demand.  Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and

Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis

of disability and to provide appropriate relief to Laura Barrios ("Ms. Barrios"), who was adversely affected by such practices.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, E.I. du Pont de Nemours & Co. d/b/a DuPont Speciality Chemicals ("Defendant" or "DuPont"), has continuously been a corporation organized under the laws of the State of Delaware doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

At least since March of 1997, Defendant has engaged in conduct in LaPlace, Louisiana which violates the ADA.

- 3 -

8.

More than thirty (30) days prior to the institution of this lawsuit, Ms. Barrios filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Ms. Barrios has at all times relevant been a qualified individual with a disability within the meaning of the ADA.

10.

Ms. Barrios has severe scoliosis of the lumbar spine, lumbar disc disease with sciatica, lumbar spinal stenosis with compression neuropathy, neurogenic bladder, cervical spondylosis, previous cervical disc disease with surgical fusion, and reactive depression.

11.

Ms. Barrios began working for DuPont as an operator in 1981 and became a lab trainer / operator in or about 1986.

12.

In June of 1999, DuPont illegally required Ms. Barrios to take a functional capacity evaluation ("FCE") which was neither job-related nor consistent with business necessity, in violation of the ADA. Ms. Barrios's being required to undergo this FCE caused her physical

- 4 -

and emotional harm, and evidenced DuPont's intent to discriminate against her on the basis of disability.

13.

Despite the fact that Ms. Barrios passed the FCE, DuPont used results from it as a pretext to (falsely) declare her physically incapable of performing her job and force her onto short term disability ("STD") and then long term disability ("LTD") leave, upon the exhaustion of which DuPont terminated Ms. Barrios because of her disability, in violation of the ADA.

14.

Ms. Barrios was at all times relevant physically capable and willing to perform all essential functions of her position, with or without reasonable accommodation. At no time did Ms. Barrios fail or refuse to perform any function of her job as DuPont requested.

15.

These actions by Defendant violated Section 102 of Title I of the ADA, 42 U.S.C. 12112(a), *inter alia*.

16.

The effect of the practices complained of herein has been to deprive Ms. Barrios of equal employment opportunities by denying her a job because of her disability.

- 5 -

17.

The unlawful employment practices complained of herein were, and are being, done with malice or with reckless indifference to the federally protected rights of Ms. Barrios.

18.

The unlawful practices of Defendant complained of herein have violated the rights of affected persons protected under the ADA.

19.

The unlawful employment practices complained of herein were intentional.

20.

The unlawful employment practices complained of herein have caused Ms. Barrios to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ms. Barrios by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to reinstate Ms. Barrios or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E.     Order Defendant to make whole Ms. Barrios by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.     Order Defendant to make whole Ms. Barrios by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation in amounts to be determined at trial.

G.   Order Defendant to pay Ms. Barrios punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.   Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**KEITH T. HILL**
Regional Attorney
E.D. Bar Roll No. 15200000

**DEBRA M. LAWRENCE**
Supervisory Trial Attorney
No Bar Roll Number Assigned

- 8 -

GREGORY T. JUGE (T.A.)
Senior Trial Attorney
La. Bar Roll No. 20890
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA  70113
Tel:    (504) 589-3844 (Hill)
          (410) 962-4349 (Lawrence)
          (504) 589-2663 (Juge)
Fax:    (504) 589-2805

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

C. T. CORPORATION SYSTEMS
8550 United Plaza Blvd
Baton Rouge, Louisiana 70807