

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff | § § § | CIVIL ACTION: SECTION: JUDGE: | 03-1605 R VANCE |
| versus | § § § § | | |
| E.I. DU PONT DE NEMOURS & CO. Defendant | § § | MAG. NUMBER: MAGISTRATE: | 4 WELLS ROBY |

**EEOC'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANT'S OPPOSITION TO THE EEOC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), submits this Reply Memorandum in Response to Defendant's Opposition to the EEOC's Motion for Partial Summary Judgment. For the reasons set forth herein, the Court should grant the EEOC's Motion for Partial Summary Judgment.

### DISCUSSION OF DEFENDANT'S OPPOSITION

Plaintiff succinctly discusses below the reasons why DuPont's Opposition is unavailing, thereby demonstrating that the EEOC's Motion for Partial Summary Judgment should be granted.

**1.  The EEOC's Uncontested Facts Should Be Deemed Admitted.**

Local Rule 56.2 of this Court provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

The EEOC filed, with its Motion for Partial Summary Judgment, a Statement of Uncontested Material Facts, as required under the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules. **DuPont has not controverted any of those Uncontested Facts, each of which was supported by specific evidence.** Rather than controvert the EEOC's Uncontested Facts with evidence, as required, Defendant has merely supplied the Court with a list of questions in the guise of a Statement of Contested Material Facts. Stating a question to the Court does not controvert the EEOC's evidence and it does not demonstrate the existence of a genuine dispute of material fact.

The jurisprudence from this Court concerning Local Rule 56.2 makes clear that it is insufficient to merely file a document entitled "Statement of Contested Facts." In Loria v.

Children's Hospital,2003 WL 22038424 n. 8 (E.D. La. August 28, 2003), Judge Africk ruled that the purported statement of contested facts submitted by the party opposing the motion for summary judgment had not complied with Rule 56.2:

> In this case, although plaintiff maintains in his statement made pursuant to Rule 56.2 that genuine issues of material fact exist, see R. Doc. No. 16, Claimant's Statement of Genuine Issues of Material Fact, ¶¶ 1-3, plaintiff has not controverted any of the facts defendant has set forth in the Uncontested Facts made pursuant to Rule 56.1. Accordingly, plaintiff is deemed to have admitted these facts.

As in Loria, although DuPont submitted a document entitled "Statement of Contested Facts," Defendant has failed to controvert a single one of the EEOC's 36 uncontested facts. Indeed, Defendant does not even *assert a single fact*, much less cite the Court to any evidence whatsoever, in its purported statement of contested facts. Similarly, in Macfarlane v. Schneider Nat'l Leasing, Inc., 2004 WL 1196999 (E.D. La. May 28, 2004) n. 14, Judge Engelhardt found that the statement of contested facts did not controvert the movant's Statement of Uncontested Facts and did not satisfy Local Rule 56.2. In Jones v. LSU Medical Center, 2003 WL 1342945, * 1, n.2 (E.D. La. March 18, 2003), Magistrate Judge Knowles adopted the movant's Statement of Uncontested Facts, noting that in order to controvert them the opponent was required to present competent summary judgment evidence. Clearly, DuPont's statement of 35 questions, without a single reference to any evidence, does not comport with Local Rules 56.2. Moreover, *each fact* asserted in a Statement submitted pursuant to Local Rule 56.1 must be *specifically controverted by competent evidence*. Any single fact not so controverted must be deemed admitted. In Jackson v. Galan, 631 F. Supp. 409, 415 (E.D. La. 1986), Judge Sear, interpreting Local Rule 3.10 (which later became Local Rule 56.2), deemed admitted a specific fact not controverted by competent evidence:

> Plaintiff has also alleged in her statement of uncontested material facts that her wages were garnished through July 25, 1985, a date occurring after Mr. Galan's term

in office had begun. Since Mr. Galan has not controverted that allegation in his own statement of facts as to which there exists a genuine issue, Local Rule 3.10 requires that I deem the plaintiff's allegation an admitted fact.

Judge Sear issued a like ruling in United State of America v. $38,000 in U.S. Currency, 1987 WL 10192 at *3 (E.D. La. 1987), deeming admitted a specific fact which the opposing party failed to controvert as required under the Local Rules.

To the same effect, in Jones v. Shell Oil Co., 1987 WL 18617 at *4, n.1 (E.D. La. 1987), Judge Arceneaux stated:

> In the present case, the plaintiff's mere denial that certain facts asserted by the defendant are true does not comply with the Local Rule. . . . The plaintiff has not affirmatively set forth any evidence to contradict the defendant's statement of uncontested facts. Accordingly, the Court accepts as true the facts asserted by the defendant. (Emphasis added).

In Shell Oil, the opposing party's denial of specific facts was insufficient, and the court noted that the party opposing the motion for summary judgment was required to set forth evidence to controvert the Statement of Uncontested Facts. In the matter *sub judice*, Defendant *does not even deny* the specific facts set forth by the EEOC in its Local Rule 56.1 Statement, each of which is supported by competent evidence.

It is pellucid that DuPont did not submit a "statement of contested facts" which complies with Local Rule 56.2. More importantly, it is clear that DuPont's purported Statement of Contested Facts does not contain a single assertion of fact, it does not refer to a single piece of evidence, and it certainly does not controvert any of the EEOC's 36 separate uncontested facts. Therefore, pursuant to Local Rule 56.2, all of the 36 Uncontested Facts set forth by the EEOC should be deemed admitted and should be the factual starting point for the Court's ruling.

2. **DuPont's Opposition Totally Ignores the Decisionmaker's Admission That He Terminated Ms. Barrios Due to Her Disability Without Any Consideration of Possible Accommodation.**

Tellingly, DuPont's Opposition completely ignores the admission of the decisionmaker, Plant Manager Joe Internicola, that he terminated Ms. Barrios based on nothing other than the knowledge that she could not walk. Internicola testified that as soon as the doctor restricted her from walking, the decision that Ms. Barrios could not be accommodated, and that she would therefore be terminated, was final. Internicola admitted that he spent no time whatsoever considering any possible accommodations. This direct evidence proves DuPont violated the ADA.

3. **Defendant Wrongly Asserts That If a Person Is Able to Work, She Cannot Be Disabled.**

Defendant perversely suggests that because Ms. Barrios, the EEOC's Vocational Rehabilitation Expert, and Ms. Barrios's treating physician John Jackson, assert that Ms. Barrios is able to work, she cannot possibly be disabled within the meaning of the ADA. Defendant labors under a severe misapprehension of the legal standards under the ADA. In order to be protected under the statute, an employee must be a "qualified individual with a disability" or "QID" – that is, she *must* be able to work. If a person is unable to work at all, she cannot be a QID entitled to protection under the ADA. DuPont's argument that Ms. Barrios is not disabled because she is able to work is vacuous.

4. **DuPont's Attempts to Trivialize its Own Admissions Are Ineffective.**

DuPont claims to be mystified why the EEOC attributes significance to Defendant's own statements in discovery and in deposition testimony.[1] A party's own admissions are excluded from

---

[1] If the EEOC had stated more than 20 times in this action that Ms. Barrios is not disabled, DuPont would surely have urged the Court to dismiss this suit based on such admissions.

the definition of hearsay and are admissible under the Federal Rules of Evidence. See Fed. R. Evid. 801(d)(2). Likewise, the EEOC has cited extensive case law in its original memorandum showing that the more than 20 assertions by DuPont that Ms. Barrios cannot walk– which DuPont does not deny making – are judicial admissions which Defendant cannot refute.

5.  **DuPont Cannot Disavow the Deposition of Ordeneaux.**

The EEOC has cited the Court to many damaging admissions in the deposition of DuPont's Human Resources Manager, Floyd Ordeneaux. Defendant astonishingly suggests to the Court that much of Mr. Ordeneaux's testimony concerning issues such reasonable accommodation and direct threat is comprised of wild speculation and is inadmissible. This position is fatally flawed for at least two reasons. First, Mr. Ordeneaux testified that as a human resources professional for DuPont, it is part of his job to understand and apply concepts like reasonable accommodation and direct threat in order to facilitate DuPont's compliance with the ADA. Ordeneaux Deposition, at 100, lines 2-6. Second, DuPont appointed Mr. Ordeneaux to testify on its behalf concerning the vast majority of the subject areas in the EEOC's 30(b)(6) notice of deposition of the corporation. In its corporate deposition, DuPont testified that Mr. Ordeneaux's deposition testimony was true and accurate.[2] Therefore DuPont has officially ratified and adopted as its own the testimony of its Human Resources Manager and cannot disavow it.

6.  **DuPont's Absurd Argument That it Did Not Regard Ms. Barrios as Substantially Limited in Walking must Be Rejected.**

DuPont would ask this Court to believe that, although it restricted Ms. Barrios from walking anywhere on the site, it did not regard Ms. Barrios as substantially limited in walking. DuPont

---

[2]   DuPont 30(b)(6) Deposition, Volume II at ___. Transcript not yet available. Deposition taken August 27, 2004.

ludicrously suggests that it believed Ms. Barrios was only unable to walk on its site. DuPont asks the Court to suspend all logic and common sense. The fact that DuPont forbade Ms. Barrios from walking *anywhere* on the site, which is mostly made up of smooth, level surfaces, necessitates the conclusion that DuPont considered Ms. Barrios unsafe to walk *everywhere*. Apparently DuPont wants the Court to believe that Ms. Barrios could somehow be unable to walk on DuPont's site, and yet be perfectly able to safely walk everywhere else in the world. The laws of physics apply at the DuPont LaPlace facility just as they do at Ms. Barrios's home, or anywhere else she might walk. Ms. Barrios's ability to walk on the plant site is no different than it is anywhere else. Inescapably, DuPont's statement that Ms. Barrios could not take a single step anywhere on its facility shows by tautology that DuPont regarded Ms. Barrios as unable to walk. Of course, DuPont's almost innumerable statements that Ms. Barrios cannot walk at all confirm this fact as well.

**7.     DuPont Has Admitted Facts Showing That Ms. Barrios Is Disabled.**

As noted in the EEOC's original submission, DuPont has asserted more than 20 times that Ms. Barrios is unable to walk. Moreover, DuPont has submitted a claim to Aetna life insurance company seeking total and permanent disability ("T&P") benefits for Ms. Barrios. Under DuPont's own T&P policies, "Total and Permanent disability means you are totally disabled by injury or disease and presumably are total and permanently prevented from doing any gainful work, as determined by DuPont."[3] Uncontested Material Facts at para. 24. Thus, DuPont cannot possibly convince a reasonable fact finder that Ms. Barrios is not disabled under the ADA.

---

[3]     This also proves beyond cavil that DuPont regards Ms. Barrios as substantially limited in walking. If an employer which submits an insurance claim certifying that has determined the employee cannot perform any gainful work were deemed not to regard the employee as disabled, then it would be absolutely impossible for any plaintiff to establish a "regarded as" claim.

DuPont's half-hearted attempts in this litigation to suggest, utterly without basis, that its placement of Ms. Barrios on T&P benefits simply means that DuPont regarded her as unable to work at her facility, are completely unpersuasive and disingenuous at best. The T&P policy states clearly that in order to be eligible for benefits, an employee must be determined by DuPont to be unable to do any gainful work. This is the paradigmatic admission that a person is substantially limited in the ability to work.

8.   **Evacuation is not an Essential Job Function.**

Defendant's bald contention that evacuation is an essential job function of all employees at the LaPlace site is as unsupported by the evidence as it is illogical. DuPont admits that Ms. Barrios never had to evacuate in 18 years. It is undisputed that, even in the event of an emergency, DuPont employees are to stay indoors whenever possible, rather than evacuating. Ordeneaux Deposition at 206, line 23 to 207, line 2. DuPont admits that Ms. Barrios's position did not exist for the purpose of evacuating, that she was not hired for her expertise in evacuating, that the fundamental purpose of her job was creation and management of paperwork, and that shifting the task of evacuating would not fundamentally alter the lab clerk position. Likewise, Defendant admits that these are the very factors upon which an essential job function analysis should be based. Dispositively, DuPont also admits that Ms. Barrios performed all of her essential job functions for the entire time she held the clerk position prior to the FCE. Ordeneaux Deposition at 259, line 20 to 260, line 1. Since it is undisputed that Ms. Barrios performed all of her essential job functions for more than two years, and that Ms. Barrios never had to evacuate, it is inescapable that evacuation was not an essential function. In short, Defendant has admitted all the facts necessary to establish that evacuation is not an essential job function. No reasonable trier of fact could find otherwise.

9.  **Defendant Has Admitted That Ms. Barrios Is Not a Direct Threat.**

As noted in the EEOC's original Memorandum, Defendant's Human Resources Manager, Floyd Ordeneaux, who has been designated by DuPont to testify on its behalf pursuant to Rule 30(b)(6), admitted that Ms. Barrios was less of a direct threat than non-disabled employees who were more severely mobility-impaired than Ms. Barrios. DuPont did not deem these non-disabled employees a "direct threat," it did not force them to undergo FCE's, and it did not fire any of them. Likewise, Mr. Ordeneaux admitted that there was no imminent risk of substantial harm to Ms. Barrios or others, thereby disproving any claim of direct threat. *Ordeneaux also directly admitted that Ms. Barrios demonstrated her ability to evacuate safely by walking*, thereby showing that she is not a direct threat. Ordeneaux Deposition at 201, lines 5-8.[4]

10. **Even if Ms. Barrios's Substantial Walking Limitations Had Made Her a Direct Threat, Defendant Refused to Consider Any Accommodation.**

If one were to incorrectly assume, *arguendo*, that Ms. Barrios was totally incapable of walking and required a wheelchair, as DuPont asserts, she would still pose no direct threat that could not be eliminated by reasonable accommodation. DuPont admits that it gave no thought to whether Ms. Barrios could be accommodated. The decisionmaker, Plant Manager Joe Internicola, admitted that the decision that she could not be accommodated was made as of the moment the doctor restricted Ms. Barrios from walking anywhere on the site. DuPont admits that it failed to ask her if there were any means by which she could have been accommodated. DuPont admits that Ms. Barrios could have successfully evacuated in a wheelchair if DuPont had placed bridges or grates over a 10 to 12 inch deep, 24 inch wide drainage ditch, which would have posed no undue hardship on DuPont. DuPont admits that it conducted no research to determined whether motorized vehicles

---

[4]   "Q.   If she walked as well every day as you just saw her walk, would you believe her able to evacuate safely?   A.   Yes."

could be safely used to evacuate. DuPont admits that Ms. Barrios could have been evacuated by search and rescue personnel, three or four of whom are on duty during every shift. In short, even if Ms. Barrios were totally unable to walk, she still could have evacuated with or without accommodation without posing any direct threat.

**11.   DuPont's Disability and Direct Threat Arguments Are Inherently Inconsistent.**

At the same time that DuPont argues that Ms. Barrios does not have a substantial limitation in walking, Defendant nonsensically asks this Court to believe that Ms. Barrios's walking limitation is so severe that she was *not allowed to take a single step on the plant*, and cannot evacuate, thereby posing a direct threat to herself and others. Defendant unsuccessfully attempts to have its cake and eat it, too. An employer cannot plausibly argue that a person, whose ability to walk is so bad that she is a direct threat, is not substantially limited in walking.[5]

**12.   DuPont's Abhorrent Position That a Person Who Can't Walk Can't Work Is Legally Insupportable.**

It is strikingly clear that DuPont's entire would-be defense in this case is that a person who is unable to walk cannot perform any gainful work. Even if Ms. Barrios were a double-amputee or a paraplegic, she would be entitled to accommodation and she would be able to evacuate with such accommodation. Defendant's unabashed position to this Court is that she cannot work for DuPont because she can't walk. Indeed, having approved Ms. Barrios for T&P benefits, DuPont has determined that Ms. Barrios cannot work for anyone because she allegedly can't walk. This is the most unvarnished admission of disability stereotyping and animus imaginable. Rather than forming a defense which can prevent entry of summary judgment, it proves that the motion must be granted.

---

[5]   Accord EEOC v. Texas Bus Lines, 923 F. Supp. 965 (S.D. Tex. 1996) (stated reason for failure to hire that plaintiff was a direct threat due to obesity constituted direct evidence of disability discrimination; direct threat defense not based on probable harm and therefore rejected by court).

### 13. The FCE Was Not Job Related and Was Therefore Illegal.

Defendant baselessly contends that it ordered the FCE for the legitimate purpose of determining whether Ms. Barrios could safely evacuate. First, there is no evidence that this was the intended purpose of the FCE. The doctor who ordered it did not mention evacuation. Defendant claims that unnamed employees observed Ms. Barrios "needing to brace herself against the walls;" however, there is no evidence of such observations. DuPont has never disclosed any records of such reports, and has not identified one witness who can corroborate this conclusory allegation by Mr. Ordeneaux. Moreover, the FCE did not test Ms. Barrios's ability to evacuate. Most importantly, it is not disputed that the FCE tested Ms. Barrios on tasks which she was restricted by DuPont from performing in her job. DuPont admits that the FCE was a medical examination. DuPont admits that no medical examination can be job related if it tests an employee's ability to perform tasks which she is restricted from doing in her job. In sum, it is impossible for any reasonable trier of fact to avoid the conclusion that the FCE was not job related and therefore violated the ADA.

### CONCLUSION

For all the reasons set forth above, and for all those stated in the EEOC's original Memorandum in Support, the Court should grant the EEOC's Motion for Partial Summary Judgment on the issue of liability.

**ERIC S. DREIBAND**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

                                **KEITH T. HILL**
Regional Attorney
E.D. Bar Roll No. 15200000
**DEBRA M. LAWRENCE**
Supervisory Trial Attorney
No Bar Roll Number Assigned
**MICHELLE T. BUTLER**
Supervisory Trial Attorney
Bar Roll No. 1286

*/s/ Gregory T. Juge*
GREGORY T. JUGE (T.A.)
Senior Trial Attorney
La. Bar Roll No. 20890
**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Tel:   (504) 589-3844 (Hill)
       (410) 962-4349 (Lawrence)
       (504) 589-6942 (Butler)
       (504) 589-2663 (Juge)
Fax:  (504) 589-2805

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on counsel of record for all parties, via United States mail postage prepaid, express delivery, facsimile transmission, hand delivery, and/or email transmission.

SIGNED:    30th day of August, 2004.

                                                                   */s/ Gregory T. Juge*